Johnson, J.
delivers] the opinion of the Court.
It is very clear, that in England the King cannot maintain an ejectment to recover lands, and the reason given by Blackstone is, that on account of his legal ubiquity he cannot be dis-seized, or dispossessed. 3 Bl. Com. 277,-8. All the elementary writers hold the same doctrine: and it is even more strikingly applicable here, where the sovereign power, and right, are in the. hands of the people themselves, who want that personal identity, on which a disseizin could operate; and for the further reason, that a part of it abides in the defendants themselves. It was freely recognized by the Constitutional Court in the case of the State v. Stark, involving the title to a part of the Saxe-gotha township in Lexington District; in which it was held, that the State could not maintain trespass to try titles : and although that case has not been reported, it is familiar to the elder members of the profession, and met with their approbation.
The course pointed out by the common law, and which appears to me to he altogether unexceptionable, and which, whilst it avoids the incongruity of applying the rule in relation to ejectment, furnishes an efficient remedy, without subjecting the defendant to any unreasonable inconvenience, is a proceeding byway of information, filed by the Attorney Genera), or Solicitor of the circuit, in which the lands lie, complaining of the intrusion of the defendant; upon which the party is put to answer, and trial is had, as between citizen and citizen. 3 Bl. Com. 261. Jacobs’ Law Diet. Intrusion, and Information, 1.
The only difficulty, which the Court felt on any branch of the case, was as to the mode of bringing the party into Court. 1 felt, myself, some repugnance to adopting the strong mandate of a warrant; but upon looking iuto the subject, I am satisfied, that it is in accordance with established rules, and imposes no greater hardship on the defendants, than the same mode of proceeding would, in the most petty misdemeanor; and the absence of any other would be a sufficient warrant for adopting it. Jacobs, in vindicating the proceeding by information for petty misdemeanors, as a substitute for indictments, observes, that in those cases the same notice is given, the same process was issued, the same trial, by the same jury, was had, the same pleas were allowed, and the same judgment was awarded, as if the prosecution was by indictment. Now although intrusion *553 into unoccupied public lauds is not strictly a criminal offence, it ¡s here exclusively an offence against the State; and it is no hardship on the defendants, if they are subjected to the process in common use. The motion is therefore granted, and it is also ordered, that bench-warrants issue, to compel the defendants to enter into recognizances, in the usual form, to answer the informations.
Colcock, J. and Evans, J. concurred.
Motion granted.